COOK v. BOSSETT.

---

### ELISHA COOK vs. HARRISON W. BOSSETT.

The action of replevin under the Statute conferring jurisdiction upon justices of the peace, may be sustained for cattle irregularly taken under Act 185 of *S. L.* of 1867.

The Statute, "Of Distraining beasts," does not apply to seizures under act of 1867, p 291, *S. L.*

The act cannot be enforced in any county until the Board of Supervisors adopt a resolution specifying some one or all of the classes of animals to be restrained from going at large.

*Washtenaw Circuit, September,* 1870.

*P. M. Eaton,* for Plaintiff.

*S. E. Engle,* for Defendant.

Action of replevin brought before and appealed from a Justice of the peace.

The affidavit, writ and declaration are in the usual form and the action is not brought in pursuance of the Statute entitled, " Of Distraining Beasts."

*By the Court,* MITCHELL, J :—The facts as agreed upon, and as I find are, that the cow replevied was " at the time when," &c., the property of the plaintiff. Defendant found her at large in the public highway, without any one attending or driving her, in front of defendant's house, and opposite land owned and occupied by him,—the road running through his land, at that place, in the township of Lodi, in the county of Washtenaw.

Cook v. Bossett.

The defendant, on the 2d day of June, 1869, claiming to act under Section 3, of "An act to prevent animals from running at large in the public highways," S. L., 1867, p 251, 2, seized and took the cow into his costody and possession and shut her up in his barn, in care of his hired man, with instructions that " if any one came after her, to let them have her if they paid fifty cents;" and defendant went immediately to a justice of the peace of the township, " to give him notice that he had taken the cow and to enquire what course to pursue." While the defendant was so absent to notify the justice, the plaintiff came and demanded his cow of the hired man, who told the plaintiff, " you can have the cow on payment of fifty cents forfeiture" Plaintiff replied, " I guess not, I will get her without," and turned and went away and immediately commenced this suit.

There was no public pound in the township of Lodi.

On the 21st day of October, 1868, the Board of Supervisors of Washtenaw county, adopted the following resolution :

" *Resolved.*—that act 185 of the Laws of Michigan for 1867, be made operative in the county, excepting in the township of Augusta."

No other resolution had been adopted or action taken by said Board in regard to or under said act until after this suit was commenced. A resolution in accordance with section two. of the act was adopted by the board in October, 1869.

On the 4th of June, 1869, after the suit was commenced, defendant caused six notices of the seizure and intended sale of the cow to be posted in said township.

The defendant, when he took the cow, claimed that she was at large, contrary to law, as the reason of seizure.

Sec. 1, of the act, S. L., 1867, p 251, provides "That from and after the year 1867, it shall not be lawful for any cattle, sheep or swine, to run at large in any public highway of this State. *Provided*, that this act shall be in operation, only in those counties in which it shall be so determined by resolution, passed by the Board of Supervisors of such county."

Section 2, provides, " In case the Board of Supervisors in any county, shall pass a resolution, prohibiting any of the classes of animals named in section one, of this bill, to run at large in

the public highway; then, in such county, after the year 1867, the following sections of this act, shall be in full force; but otherwise, they shall be null and void."

Section 3, declares it "lawful for any person to seize and take into his custody and possession, any animal which may be at large in a public highway, and opposite the land owned or occupied by him, contrary to the provisions of the foregoing section; and that it shall be lawful for any person to take into his custody and possession, any animal which may be found trespassing upon premises owned or occupied by him."

Section 4, makes it the duty of such person, to give notice of such seizure, to a justice of the peace, or commissioner of highways, of such township; and the duty of such justice, or commissioner, to affix notices in six public places in the township, that the animal seized, will be sold at public auction in not less than 30, or more than 60 days, and to sell the animal for cash, and out of the proceeds, pay himself certain specified charges and fees, and also to the seizor, certain sums and expenses."

In the suit before the justice, the defendant plead in abatement, that the cow was distrained to recover a forfeiture, supposed and claimed by the defendant, to have been incurred by said cow going at large, contrary to law, and that at the time the writ was served, he was holding the cow for the purpose aforesaid, and that the writ could only be issued in conformity with sections, 18 and 19 of chapter 153, of *Comp'd Laws*, while the writ in this case, was issued under section 43, of chapter 117, which, it is claimed, does not apply to this case. The plaintiff demurred to the plea in abatement, and the justice sustained the demurrer. Thereupon, the defendant plead the general issue, with special notice of the facts as claimed.

It is urged that the justice erred in sustaining the demurrer, and that the case ought to have been dismissed for want of jurisdiction.

I think the justice was clearly right, and that the plea in abatement was not a proper plea in the case.; the facts stated in the plea are not cause of abatement.

The plea does not show that the cow was distrained under the statute entitled " Of distraining Beasts," nor under any provision of that statute. It is only in cases when cattle or beasts are distrained under that act, that sections 18 and 19, chapter 153, Compiled Laws, control the manner of commencing the action of replevin.

It is also urged that under the facts as agreed upon, and in proof as above stated, the plaintiff cannot recover.

It is not claimed that the cow was distrained or taken under the statute " Of distraining Beasts," to recover a penalty or forfeiture incurred under that statute, or to obtain satisfaction for damages done, but it is claimed she was taken under the act of 1867.

This act is a departure from the common law, gives new and extraordinary powers to any land owner or occupier, to take and keep animals found at large in the highway opposite his land, and to have them sold in the most arbitrary manner, (without the possibility of a trial by jury,) on the motion of the seizor, aided by a justice of the peace or highway commissioner.

If it is a good and constitutional law it should be strictly pursued.

It makes no provision for impounding beasts, nor for what is known as a common law distress. It cannot be construed to be a part of the statute " Of distraining Beasts," nor can any act done under it be governed or controlled by that statute.

Before it can become operative in any locality it is necessary that the board of supervisors shall so determine by resolution. Its provisions are crude and uncertain in many respects and their propriety extremely questionable.

The resolution required by section two, should specify some one or all of the classes of animals intended to be restrained from going at large. The one passed by the board did not in any essential particular comply with these requirements. It follows that the law was not in force in Washtenaw County when the cow was seized. There was no law in force under which the defendant can justify the taking, much less under which he can say she was distrained to recover a forfeiture.

From the facts and law as above found, it follows that judgment must be entered for the plaintiff, as upon the usual finding of property in the plaintiff, and that the plaintiff unlawfully detained it, &c., with damages at six cents and costs, to be taxed.